**THEODORE R. LARSEN**
IDAHO STATE BAR NO. 8193
**KIMBERLY L. WILLIAMS**
IDAHO STATE BAR NO. 8893
**WILLIAMS, MESERVY & LOTHSPEICH, LLP**
Attorneys at Law
153 East Main Street
P. O. Box 168
Jerome, Idaho 83338
Telephone: (208) 324-2303
Facsimile: (208) 324-3135
trlarsen@wmlattys.com
klwilliams@wmlattys.com

Attorneys for Plaintiff, Cory Clifton

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CORY CLIFTON, an individual,<br><br>     Plaintiff,<br><br>vs.<br><br>THE AMALGAMATED SUGAR COMPANY, LLC, an Idaho limited liability company,<br><br>     Defendant. | Case No.   1:18-cv-00398<br><br><br>**COMPLAINT**<br><br><br><br>Category:  1.<br>Filing Fee: $400.00 |

COMES NOW the Plaintiff, CORY CLIFTON ("Clifton"), by and through his attorney of record, THEODORE R. LARSEN, of the firm Williams, Meservy & Lothspeich, LLP, and for a cause of action against the Defendant, THE AMALGAMATED SUGAR COMPANY, LLC ("Amalgamated"), complains and alleges as follows:

COMPLAINT                           - 1-

**NATURE OF THE ACTION**

1.      This is a claim under Title I of the Americans with Disabilities Act of 1990 to correct unlawful employment practices of the basis of disability and to make Plaintiff whole.

2.      Plaintiff is a qualified individual with a physical impairment, which substantially limits him in one or more major life activities.

3.      Defendant discriminated against Plaintiff in the terms, conditions and termination of his employment because of his disability.

**JURISDICTION AND VENUE**

4.      This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a).

5.      The Court has jurisdiction over Plaintiff's state law claims set forth in this complaint pursuant to its supplemental jurisdiction to hear related state law claims under 28 U.S.C. § 1367(a).  Both the federal and state law claims alleged herein arose from a common nucleus of operative fact, the state action is so related to the federal claim that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

6.      The employment practices alleged herein were committed in the District of Idaho.

**PARTIES**

7.      Plaintiff Cory Clifton is a resident of the State of Idaho.

8.      Defendant The Amalgamated Sugar Company, LLC is a limited liability company, licensed to do business in the state of Idaho, with its primary place of business being Twin Falls County, Idaho.

9.      Defendant employs and has employed during the relevant periods more than 15 employees and was engaged in an industry affecting agricultural commerce.  At all material times, Defendant was and is an employer within the meaning of 42 U.S.C. § 12111(5)(A) and Idaho Code § 67-5092(6).

COMPLAINT                                  - 2-

10.     Plaintiff is a qualified individual with a disability for purposes of 42 U.S.C. § 12112(a), and a disabled person for purposes of Idaho Code § 67-5901, et seq. in that he has been clinically diagnosed as deaf.

11.     Amalgamated recruited employees for the position of Factory Welder using Craiglist advertising, as well as advertising with the Idaho Labor Board.

12.     Despite his disability, at all relevant times Clifton was able to and qualified for the positions advertised by Amalgamated.  He was an experienced welder who was fully able to perform the essential functions of the positions advertised by Amalgamated.

## PROCEDURAL REQUIREMENTS

13.     Clifton has filed charges of unlawful employment practices with the Idaho Human Rights Commission, and complaints with the Equal Employment Opportunity Commission ("EEOC") raising the issues complained of herein.

14.     Clifton received a Notice of Right to Sue from the EEOC authorizing Plaintiff to commence a civil action.  Clifton has filed this complaint within 90 days from the date he received her notice authorizing him to bring action. A true and correct copy of the Notice of Right to Sue letter is attached hereto as **EXHIBIT A**.

## FIRST CLAIM OF RELIEF
## (DISABILITY DISCRIMINATION)
## (TITLE I OF THE AMERICANS WITH DISABILITIES ACT)

15.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 14 as if fully set forth herein.

16.     Clifton applied with Amalgamated on four (4) occasions, over a three (3) year period as a Factory Welder.

17.     The first application was disregarded without contact of any kind by Amalgamated.

18.     The second application was again disregarded without contact of any kind by Amalgamated.

19.     The third application was again disregarded without contact of any kind by Amalgamated.

20.     Clifton applied for the fourth time on April 6, 2016.

21.     Clifton participated in an interview at Amalgamated on April 13, 2016.

22.     During the interview, Clifton provided, through a sign language interpreter, a background of his experience and familiarity with reading blue prints.

23.     Discussions about Clifton's disability was included in the interview process. Specifically, inquiry was made about "How will you know what is going on around you." Clifton is able to visually see what is happening around him.

24.     The interview went well and Clifton was asked to perform an application welding test.  Clifton was advised that a representative of Amalgamated would be calling to schedule this test.

25.     On April 22, 2016, Clifton received a denial of employment letter from Amalgamated, a copy of which is attached hereto as **EXHIBIT B**.

26.     Clifton was never given the opportunity to complete the application process and proceed through the welding test as discussed during the interview process.

27.     Amalgamated failed to make any suggestions for accommodating Clifton's disabilities.

28.     Amalgamated failed to engage in the interactive process with Clifton to find a reasonable accommodation for his disabilities.

29.     Amalgamated bears the responsibility for the breakdown of the interactive process.

30.     Amalgamated's actions in refusing to engage in the interactive process with Clifton, as described herein, constitutes discrimination in violation of the Americans with Disabilities Act.

31.     As a direct and proximate cause of Amalgamated's unlawful conduct, Clifton has suffered damages in the form of lost income, lost employment benefits, and general emotional suffering in an amount in excess of $50,000.00 to be proven with specificity at trial.

32.     Clifton is further entitled to recover his attorney fees and costs incurred in prosecuting this action pursuant to 42 U.S.C. §§ 2000e-5(k) and 12117.

33.     Clifton reserves this paragraph for the inclusion of a claim for punitive damages pursuant to 42 U.S.C. §§ 1981a(a)(2),(d)(1)(B).

## SECOND CLAIM OF RELIEF
### (Disability Discrimination)
### (Idaho Human Rights Act)

34.     Clifton incorporates by reference the allegations of paragraphs 1 through 33 as if fully set forth herein.

35.     Amalgamated's acts as alleged herein were motivated by and due in substantial part to Clifton's disability, Clifton's record of disability, and Amalgamagted's perception that Clifton is disabled and constitute unlawful employment practices under Idaho Code § 67-5909.

## FOURTH CLAIM OF RELIEF
### (Negligent and/or Intentional Infliction of Emotional Distress)

36.     Clifton incorporates by reference the allegations of paragraphs 1 through 35 as if fully set forth herein.

37.     By its actions detailed herein above, Amalgamated has negligently and/or intentionally caused Clifton to suffer extreme mental anguish and emotional distress.

38.     Clifton has endured physical manifestations of the emotional distress caused by Amalgamated's actions.

39.     As a result of Amalgamated's negligent and/or intentional infliction of severe emotional distress, Clifton has suffered damages in an amount to be proven with specificity at trial.

40.     Clifton is entitled to an award of attorney fees and costs pursuant to Idaho Code §§ 12-120 and 12-121.

41.     Amalgamated's conduct as alleged herein was reckless and willful constituting an extreme deviation from reasonable standards of care.

42.     Clifton hereby reserves this paragraph for the inclusion of a claim for punitive damages pursuant to Idaho Code § 6-1604.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for Judgment, Order and Decree of this Court as follows:

1.      For judgment of the Court awarding Clifton damages for Amalgamated's violations of the ADA, violations of Idaho Human Rights Act, breach of the implied covenant of fair dealing, and negligent and/or intentional infliction of emotional distress;

2.      For prejudgment interest on all damages recovered at the rate set forth within Idaho Code § 28-22-104;

3.      For Clifton's reasonable attorney fees and costs incurred in prosecuting this action; and

4.      For such other and further relief as this Court deems just and necessary.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial pursuant to Federal Rule of Civil Procedure 38(b).

DATED this 10th day of September, 2018.

WILLIAMS, MESERVY & LOTHSPEICH, LLP


 /s/            Kimberly L. Williams
KIMBERLY L. WILLIAMS
Attorney for Plaintiff

COMPLAINT                            - 6-

## **VERIFICATION**

STATE OF IDAHO    )
                 ) ss.
County of Jerome    )

CORY CLIFTON, being first duly sworn on oath, deposes and says: I am the Plaintiff in the above entitled action; I have read the within and foregoing Complaint, know the contents thereof, and believe the facts therein stated to be true.

CORY CLIFTON

SUBSCRIBED AND SWORN to before me this __10__ day of __September__ 2018.

NOTARY PUBLIC for Idaho
Residing at __Hagerman__ Idaho
Commission expires __5-25-19__

MONICA BROWN
NOTARY PUBLIC
STATE OF IDAHO

COMPLAINT                                    - 7-